UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

ADAM J. ROSS,

    Plaintiff,

v.

MIGUEL A. MIRABAL, individually,

    Defendant.
_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against Defendant MIGUEL A. MIRABAL, individually.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

## PARTIES

3. At all times material hereto, Plaintiff ADAM J. ROSS (hereinafter "Plaintiff") was a resident of Broward County, State of Florida, and living at 1855 Plunkett Street, Hollywood, Florida.

4. At all times referred to herein, Defendant MIGUEL A. MIRABAL [hereinafter MIRABAL or Defendant MIRABAL] was employed as a police officer for the City of Hallandale Beach, Florida, and was acting under color of law.

5. Plaintiff sues Defendant MIRABAL in his individual capacity.

## FACTS COMMON TO ALL COUNTS

6. At all times material hereto, Plaintiff was a certified public accountant and was working part-time.

7. Plaintiff was not working on June 3, 2016, and in the morning hours rode his bicycle to the Foster Park Community Center Micro-Library, located at 609 NW 6th Avenue, Hallandale Beach, Broward County, Florida.

8. Upon leaving the library before 11:00 am, Plaintiff traveled on his bicycle a short distance to a nearby post office collection box, whereupon Plaintiff mailed a letter. Plaintiff then traveled back to the area of Foster Park with the intention of using the exercise facilities.

9. No other persons were using the exercise facilities, whereupon Plaintiff changed his plans and decided to leave the area of Foster Park.

10. As Plaintiff was leaving the area of Foster Park, turned east onto Northwest 9th Street. (See photograph, attached hereto and made a part hereof as Exhibit A).

11. While riding his bicycle east on Northwest 9th Street, Plaintiff was directed to stop by Defendant MIRABAL, who was westbound on Northwest 9th Street in a fully marked police SUV. Defendant MIRABAL was in full police uniform.

12. Defendant MIRABAL ordered Plaintiff to get off his bicycle, and Plaintiff complied.

13. Defendant MIRABAL then demanded Plaintiff's first and last name. Plaintiff complied.

14. Defendant MIRABAL then asked for Plaintiff's date of birth. Plaintiff asked if he was being detained, and Defendant MIRABAL responded "Yes."

15. Plaintiff asked Defendant MIRABAL why he was stopped, and Defendant MIRABAL

stated that Plaintiff was "suspicious" and did not "fit into the neighborhood." Defendant MIRABAL also advised Plaintiff that if he did not provide his date of birth he would be taken to jail. Plaintiff complied and provided his date of birth.

16. Soon thereafter, Defendant MIRABAL was joined by two undercover police detectives and two backup officers.

17. Plaintiff was repeatedly questioned and explained that he was in the area to use the library.

18. At all times material hereto, Plaintiff was no more than 1-1¼ miles from his residence. Plaintiff is white. The area of the Foster Park Community Center Micro-Library is predominately black.

19. At all times material hereto, Plaintiff was stopped because he was a white person riding a bicycle in a black neighborhood.

20. At all times material hereto, it was clearly established law that all persons are welcome to use public libraries and parks regardless of race, and travel upon the public roadways through all neighborhoods is permissible regardless of race.

21. At all times material hereto, Plaintiff was 34 years old, a college educated professional, and had no prior arrests in his lifetime.

22. Plaintiff was nevertheless unlawfully detained for approximately 20 minutes.

23. At the conclusion of the stop, Plaintiff was told by Defendant MARABAL to "disappear."

24. When Plaintiff requested clarification on whether he was free to leave, Defendant MARABAL stated again, "disappear." Plaintiff asked a second time, whereupon Defendant MARABAL repeated, "disappear." Finally, a back-up officer stated: "You are no longer being

detained," whereupon Plaintiff left the area on his bicycle.

25. The conduct of Defendant MIRABAL occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIM AGAINST DEFENDANT MIRABAL, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983
(Temporary Detention)

For his cause of action against Defendant MIRABAL, individually, in Count I, Plaintiff states:

26. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 25.

27. The temporary detention of Plaintiff by Defendant MIRABAL was objectively unreasonable and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from temporary detention in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any offense.

28. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

29. As a further direct and proximate result of the conduct of Defendant MIRABAL, individually, Plaintiff suffered loss of his liberty and freedom, and resulting pain and suffering, mental anguish, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of Plaintiff's clearly established civil rights.  Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

    i.      Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii.     Judgment for punitive damages;

    iii.    Cost of suit;

    iv.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v.     Trial by jury as to all issues so triable; and

    vi.    Such other relief as this Honorable Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

30.    Plaintiff demands trial by jury on all issues so triable as of right.

**DATED** this __28th__ day of July, 2016.

                          By:   *s/. Hugh L. Koerner*
                                  Hugh L. Koerner
                                  Florida Bar No.: 716952
                                  Email: hlklaw@hughkoerner.com
                                  Hugh L. Koerner, P.A.
                                  Sheridan Executive Centre
                                  3475 Sheridan Street, Suite 208
                                  Hollywood, FL 33021
                                  Telephone: (954) 522-1235
                                  Facsimile:  (954) 522-1176
                                  **Attorneys for Plaintiff Adam J. Ross**